```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
NAJIB Al-SAIDI,                                            :
                                                           :
                                Plaintiff,                 :
                                                           :        23-CV-4979 (VSB)
                -against-                                  :
                                                           :        OPINION & ORDER
KRISTI NOEM, Secretary of Homeland                         :
Security, et al.,                                          :
                                                           :
                                Defendants.                :
                                                           :
------------------------------------------------------------ X
```

Appearances:

Julie A. Goldberg
Goldberg & Associates
Bronx, NY
*Counsel for Plaintiff*

Leslie A. Ramirez-Fisher
United States Attorney's Office
Southern District of New York
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me are the parties' letters concerning whether discovery at this stage of the litigation should proceed, and whether Defendants should be permitted to file a motion for summary judgment. For the reasons discussed below, Plaintiff's request for extra-record discovery is DENIED without prejudice, and Defendants' request to file a motion for summary judgment is GRANTED.

**I. Background and Procedural History**

On June 13, 2023, Plaintiff Najib Al-Saidi ("Plaintiff") filed this action against Defendants the United States Secretary of Homeland Security, the United States Department of

1

Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), the Director of USCIS, and Director of the USCIS California Service Center Tracy Tarango ("Defendants").[1] (Doc. 1.) Plaintiff challenges the decision of USCIS to deny his Petition for Alien Relative (Form I-130) filed on behalf of his wife and the couple's three children. (*Id*. ¶ 1.) On November 21, 2023, Defendants filed a letter proposing a scheduling order in which they would (1) file the certified administrative record in lieu of filing an answer to the Complaint, and (2) file a motion for summary judgment. (*See* Doc. 10.) That same day, Plaintiff filed a letter in opposition, arguing that a summary judgment motion is premature and requesting that I hold the initial pretrial conference and permit the parties to commence discovery given that the Complaint brings claims under the Fifth Amendment of the United States Constitution. (*See* Doc. 11.) On November 22, 2023, Defendants filed their opposition to Plaintiff's letter, contending that "Plaintiff's assertion of a constitutional claim does not take this case outside the strictures of the Administrative Procedure Act," and therefore does not entitle Plaintiff to extra-record discovery, (*see* Doc. 12 at 1). Defendants also noted that, in response to Defendants' intended motion for summary judgment, Plaintiff could oppose the motion and seek discovery under Federal Rule of Civil Procedure 56(d). (*Id*.) Later that day, I granted Defendants' request to file the certified administrative record, and directed Defendants to respond to Plaintiff's request for discovery in light of Plaintiff's Fifth Amendment claims. (*See* Doc. 13.) On November 27, 2023, Defendants filed the certified administrative record, (*see* Doc. 14), and on November 30, 2023, Defendants filed their response to Plaintiff's assertion that discovery is warranted based upon Plaintiff's Fifth Amendment claims, (*see* Doc. 15). In that response, Defendants oppose extra-record discovery because, in their view, Plaintiff has not

---

[1] By operation of Federal Rule of Civil Procedure 25(d), Kristi Noem is substituted as the DHS Secretary and Kika Scott is substituted as the USCIS Secretary.

presented evidence of a Fifth Amendment violation nor presented a strong showing of bad faith on the part of USCIS in denying the Form I-130 petition. (*See* Doc. 15.) On November 5, 2024, Plaintiff filed a letter in further support of the request for extra-record discovery, (*see* Doc. 16).

## II. Legal Standards

Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. Specifically, the APA authorizes a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). When courts review agency action under the APA, the question presented is purely a legal one, which the district court can resolve on a motion for summary judgment. *City Club of N.Y. v. U.S. Army Corps of Eng'rs*, 246 F. Supp. 3d 860, 864 (S.D.N.Y. 2017); *Ass'n of Proprietary Colls. v. Duncan*, 107 F. Supp. 3d 332, 344 (S.D.N.Y. 2015) ("Where . . . a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal, and the entire case on review is a question of law." (internal quotation marks omitted and alteration adopted)). In reviewing a final agency decision, the court is generally "confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997).

"Requests by a party to put materials before the Court that are outside the administrative record filed by the agency fall into two distinct categories." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012). First, a party may supplement the administrative record if the party can show that "materials exist that were actually considered by the agency decision-makers but are not in the record as filed." *Id*. Such a showing requires the party to rebut the strong presumption that the agency properly designated the documents to be included in the record. *Brodsky v. U.S. Nuclear Regul. Comm'n*, 507 F. App'x 48, 52 (2d Cir.

3

2013) (explaining that a court must "afford deference to the agency's determination" of the record). To overcome that presumption, the party must put forth concrete evidence showing that the purportedly excluded materials "were before the agency *decision-maker*." *Sebelius*, 890 F. Supp. 2d at 309. It is not enough for the party to show that the documents were "somewhere within the agency"; the party must show that any purportedly omitted documents were actually "before the agency decisionmaker." *Hadwan v. U.S. Dep't of State*, 340 F. Supp. 3d 351, 355 (S.D.N.Y. 2018) (quoting *Sebelius*, 890 F. Supp. 2d at 309).

Alternatively, a party may request that the court consider extra-record evidence where "there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers." *Hoffman*, 132 F.3d at 14. Making a showing of bad faith "is no small hurdle," *Ali v. Pompeo*, No. 16-CV-3691, 2018 WL 2058152, at *5 (E.D.N.Y. May 2, 2018), and courts will not "ascribe [] nefarious motives to agency action as a general matter," *Est. of Landers v. Leavitt*, 545 F.3d 98, 113 (2d Cir. 2008). As such, a "strong showing" cannot be made merely through "[n]aked assertions of bad faith." *Ali*, 2018 WL 2058152, at *4–5 (internal quotation marks omitted). The Court must also be mindful that "[s]upplementation of the administrative record is the exception, not the rule." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006). When permitted, "discovery should not transform the litigation into one involving all the liberal discovery available under the Federal Rules." *Ali*, 2018 WL 2058152, at *4. Moreover, in the rare circumstances where supplementation of the record is required, it is typically accomplished by remand to the agency, not through court-supervised discovery. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

### III. Discussion

Here, Plaintiff has made no showing of bad faith in connection with the agency's production of the administrative record, nor provided convincing evidence that the record is incomplete. As discussed, a "strong showing" of bad faith cannot be made merely through "[n]aked assertions." *Ali*, 2018 WL 2058152, at *4–5. Plaintiff alleges that "[o]n information and belief, Defendants also continue to engage in a pattern and practice of hiding evidence of discriminatory animus through the use of the messaging application systems which either delete messages or create untraceable messages." (Doc. 1 ¶ 29.) This is not "concrete evidence" showing that any such messages "were presented to the final agency decisionmaker but were not included in the administrative record." *Hadwan v. U.S. Dep't of State*, No. 17-CV-578, 2021 WL 4037714, at *4 (S.D.N.Y. Sept. 3, 2021) (internal quotation marks omitted). In addition, Plaintiff has not overcome the strong presumption of regularity that attaches to the agency's certification of the record.

The main cases Plaintiff cites in its letters also do not compel discovery here, because those cases address situations in which the proponents of extra-record discovery plead and offer some evidence of constitutional violations distinct from the alleged APA violations. *See, e.g.*, *New York v. U.S. Dep't of Com.*, 345 F. Supp. 3d 444, 452, 452 & n.9 (S.D.N.Y. 2018) (authorizing extra-record discovery following the denial of a motion to dismiss after finding that plaintiffs successfully alleged that defendants "acted with a racially discriminatory intent or purpose," but cautioning that plaintiffs cannot "evade the APA record rule merely by bringing a constitutional claim" (internal quotation marks omitted)). Here, by contrast, Plaintiff has not done so. Rather, Plaintiff's challenge centers primarily on the Form I-130 denial, so there appears to be substantial overlap between Plaintiff's purported constitutional claims and the Administrative Procedure Act claim.

Essentially, Plaintiff is seeking discovery of additional documents that it believes would be supportive of its claims. However, in the context of an APA proceeding against a federal agency that has produced the administrative record of the challenged decision, "a party seeking discovery cannot simply engage in a fishing expedition based on bare speculation that additional data might reveal something beneficial." *Loma Deli Grocery Corp. v. United States*, No. 20-CV-7236, 2021 WL 4135216, at *12 (S.D.N.Y. Sept. 10, 2021) (internal quotation marks omitted). Plaintiff has not demonstrated an entitlement to discovery beyond the record.

Therefore, I find that the administrative record has been properly designated and the addition of constitutional claims does not alter the sufficiency of the record.

### IV. Conclusion

Accordingly, Plaintiff's request for extra-record discovery is DENIED without prejudice, and Defendants' request to file a motion for summary judgment is GRANTED. The parties are directed to abide by the following briefing schedule: By April 30, 2025, the Government shall file its motion for summary judgment; by May 30, 2025, Plaintiff shall file its opposition and cross-motion for summary judgment; by June 6, 2025, the Government shall file its reply and opposition to Plaintiff's cross-motion for summary judgment; and by June 20, 2025, Plaintiff shall file its reply in support of its cross-motion.

SO ORDERED.

Dated: March 31, 2025
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge